IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| T.F.H. PUBLICATIONS, INC., | : | |
| Plaintiff, | : | Civil Action No. 08-cv-4805 (FLW) (TJB) |
| v. | : | |
| ASPEN PET PRODUCTS, INC., | : | **Oral Argument Requested** |
|  | : | **Returnable March 1, 2010** |
| Defendant. | : | |

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF
T.F.H. PUBLICATIONS, INC.'S MOTION FOR LEAVE TO
AMEND *L. PAT. R.* 3.1 INFRINGEMENT CONTENTIONS**

---

GREENBERG, DAUBER, EPSTEIN & TUCKER
A Professional Corporation
One Gateway Center, Suite 600
Newark, New Jersey 07102
Tel: (973) 643-3700
Attorneys for Plaintiff T.F.H. Publications, Inc.

*On the Brief:*
Russell S. Burnside, Esq.
Thomas B. Slocum, Esq.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................ii

PRELIMINARY STATEMENT..........................................................................................1

PROCEDURAL HISTORY AND STATEMENT OF FACTS.......................................2

ARGUMENT.........................................................................................................................4

POINT I.    AMENDING TFH's RULE 3.1 DISCLOSURE AT THIS TIME WILL
            CAUSE NEITHER DELAY TO THE PROCEEDINGS NOR PREJUDICE
            TO DEFENDANT..............................................................................................4

        A.  Amendment of TFH's Rule 3.1 Disclosure at This Early
            Stage of the Litigation Will not Delay the Proceedings.............................4

        B.  Amendment of TFH's Rule 3.1 Disclosure Will not Prejudice
            Defendant..........................................................................................................6

CONCLUSION....................................................................................................................10

# TABLE OF AUTHORITIES

**CASES**

*Atmel Corp. v. Information Storage Devices, Inc.*,
    No. C 95-1987, 1998 WL 775115, (N.D. Cal. Nov. 5, 1998)..................................4, 5, 6

*E-Pass Technologies, Inc. v. 3 Com Corporation*,
    222 F. Supp. 2d 1157 (N.D. Cal 2002)..................................................................................6

*Hill v. Williamsport Police Department*,
    69 Fed. Appx. 49 (3d Cir. 2003)..........................................................................................4

*Hritz v. Woma Corporation*,
    732 F.2d 1178 (3d Cir.1984)................................................................................................4

*LG Electronics., Inc. v. Q-Lity Computer, Inc.*,
    211 F.R.D. 360 (N.D. Cal. 2002).......................................................................................5, 6

*Markman v. Westview Instruments, Inc.*,
    517 U.S. 370 (1996)....................................................................................................*passim*

*Massachusetts Institute of Technology v. Abacus Software*,
    No. 5:01-CV-344, 2004 WL 5586072 (E.D. Tex. Sept. 10, 2004)........................................5

**STATUTES**

35 *U.S.C.* §295...............................................................................................................................2

**RULES**

*Local Patent Rule* 3.1...........................................................................................................*passim*

*Local Patent Rule* 3.7....................................................................................................................4

## PRELIMINARY STATEMENT

TFH Publications, Inc. ("TFH") brought this case as a result of defendant's infringement of United States Patent Number 6,159,516 ("the '516 patent"). T.F.H. now brings the following motion under Local Patent Rule 3.7 for leave to amend its recently served Local Patent Rule 3.1 Disclosure of Asserted Claims and Infringement Contentions. Defendant Aspen Pet Products, Inc., upon information and belief now known and/or doing business as Doskocil Manufacturing Company, Inc., has advised TFH that it will oppose this motion.

TFH's motion should be granted because the omission of certain claims from the initial Rule 3.1 Disclosure was through simple inadvertence and oversight. Further, the parties' litigation is still at a very early stage: Local Patent Rule disclosures are in their infancy; discovery demands have not yet been exchanged; *Markman* briefing is months away and the scheduling of the *Markman* hearing will not even be discussed until August 2010. Thus, the amendment of TFH's disclosure at this time will not delay or procedurally prejudice the proceedings in any way.

Further, the proposed amendment to TFH's disclosures and the inclusion of the inadvertently omitted claims does not prejudice defendant Doskocil. The additional claims are either dependent claims based on those already disclosed, or are sufficiently similar to those previously disclosed that their inclusion will not materially alter the response necessary from Doskocil. In short, defendant cannot show any plausible prejudice that the amendment of TFH's Rule 3.1 disclosures at this early stage will cause.

For these reasons, TFH respectfully requests leave to amend its Local Patent Rule 3.1 Disclosure of Asserted Claims and Infringement Contentions.

## **PROCEDURAL HISTORY AND STATEMENT OF FACTS**

Before TFH brought this action, counsel for the parties exchanged correspondence over several months in an effort to address and resolve TFH's infringement claim. *See* Complaint, ¶¶21-28. That effort having failed, TFH filed its Complaint in early October 2008. After three extensions, Aspen filed its Answer in December 2008.

One of the issues determining infringement is the moisture content of defendant's product at various stages of the manufacturing process. Because TFH concluded that, in the pre-Complaint exchange of letters, defendant refused to provide essential information regarding that moisture content, in its Complaint, TFH invoked 35 *U.S.C.* §295, shifting the burden with respect to infringement to defendant. *Id.*, ¶¶29-30. As a result, the parties, with the Court's approval, agreed to a pre-discovery inspection of a portion of defendant's manufacturing process by TFH's expert in an effort to address §295 and perhaps resolve TFH's infringement allegation. Procedural and discovery aspects of this matter were essentially stayed as a result. Because of the defendant's manufacturing schedule, that inspection did not occur until late June 2009. Following a series of written follow-up questions from TFH's expert and defendant's responses, the expert issued his findings of infringement in September 2009.

With that finding, the Court then issued a Scheduling Order on October 22, 2009. That Scheduling Order set November 30, 2009 as the date by which TFH was to serve its Disclosure of Asserted Claims and Infringement Contentions pursuant to Local Patent Rule 3.1. On November 30, 2009, TFH served its Disclosure of Asserted Claims and Infringement Contentions. Declaration of Russell S. Burnside ("Burnside Decl.") ¶ 3, Ex. B. On January 20, 2010, defendant informed TFH that it would limit its Rule 3.3 Invalidity Contentions to only certain claims and elements of claims

of the '516 patent, because certain claims of the '516 patent were not included in TFH's Rule 3.1 Disclosure. *Id.*, Ex. C.

Upon receipt of the January 20th letter, TFH realized that it had inadvertently omitted the elements of some claims, as well as several dependent and certain independent claims, from its November 30, 2009 Disclosure. *Id.* ¶5. Upon this realization, on January 27th, TFH promptly advised defendant of the oversight and provided defendant with a copy of a proposed Amended Disclosure that included the inadvertently omitted claims. *Id.*, Exs. D & E.

On January 28th, defendant advised plaintiff that it objected to TFH's revision of its disclosures, despite the very early stage of the litigation. *Id.* ¶7. In that same letter, defendant informed TFH that defendant would oppose the instant motion to amend the disclosure. *Id.* This motion follows.

## ARGUMENT

### I. AMENDING TFH's RULE 3.1 DISCLOSURE AT THIS TIME WILL CAUSE NEITHER DELAY TO THE PROCEEDINGS NOR PREJUDICE TO DEFENDANT

Local Patent Rule 3.7 provides that "Amendment of the Infringement Contentions or the Invalidity Contentions may be made by order of the Court upon a timely application and showing of good cause." In this case, TFH's omission of certain claims and elements of claims of the '516 patent was through inadvertence and oversight. Burnside Decl. ¶ 5. When this oversight was first discovered, TFH promptly revised its Disclosure and served defendant with the proposed revisions. *Id.*, Exs. D & E.

There is a long-standing judicial preference for cases to be decided on their merits, and not upon technical procedural grounds. *See, e.g, Hill v. Williamsport Police Dept.*, 69 Fed. Appx. 49, 51 (3d Cir. 2003) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)). Given this preference, TFH should be permitted to amend its recently served Disclosures at this early stage in the litigation because: (1) an amendment at this early stage will not delay the proceedings of this matter; and (2) the amendment will not prejudice defendant.

#### A. Amendment of TFH's Rule 3.1 Disclosure at This Early Stage of the Litigation Will not Delay the Proceedings

The District of New Jersey adopted the Local Patent Rules substantially verbatim from the District of Northern California. "The rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Atmel Corp. v. Info. Storage Devices, Inc.*, No. C 95-1987, 1998 WL 775115, at *2 (N.D. Cal. Nov. 5, 1998). TFH's amendment of its Disclosure at this time is in keeping with this preference for early crystallization of the parties' theories, since TFH is amending its Disclosure while the litigation and

discovery process are still in the earliest of stages.

In *Atmel, supra*, the Northern District of California denied plaintiff's application to amend its claim chart under a predecessor rule to the current Local Patent Rule 3.1. *Id.* at *2. In that case, plaintiff brought an infringement action under two separate patents. *Id.* at * 1. Plaintiff sought to amend its infringement contentions significantly late in the proceedings. *Id.* Specifically, the *Atmel* plaintiff did not seek leave to amend until after "an exceptionally protracted and contentious period of discovery" and after the court had already conducted a *Markman* hearing, had construed the patents' claim terms, and had granted defendant summary judgment as to one of the allegedly infringed patents. *Id.* at 2. Further, the *Atmel* plaintiff's application to amend its claim chart sought to include an entirely new theory of infringement: the doctrine of equivalents. *Id.* Because of the long delay and significant amendment to the claims, the court denied the plaintiff's application to amend its claim chart. *Id.* Similarly, the Court in *Mass. Inst. of Tech. v. Abacus Software*, No. 5:01-CV-344, 2004 WL 5586072 (E.D. Tex. Sept. 10, 2004) denied an application to amend Rule 3.1 infringement contentions where the application was filed subsequent to the *Markman* hearing and only one month before the close of fact discovery. *Id.* at *4-6. Likewise, in *LG Elecs., Inc. v. Q-Lity Computer, Inc.*, 211 F.R.D. 360 (N.D. Cal. 2002) the Court denied a belated application to amend Rule 3.1 infringement contentions where plaintiff sought to identify numerous of defendants' allegedly infringing products for the first time, the claim construction order had already issued, discovery was nearly complete, and the amendment would cause "significant delay." 211 F.R.D. at 370-72.

In stark contrast, TFH seeks to amend its infringement contentions very early in the litigation, in keeping with the goal of the Local Patent Rules to require early crystallization of the parties'

theories. *Atmel, supra*, 1998 WL 775115, at *8. Procedurally, this case is still in a very nescient stage: the Local Patent Rule Disclosures are in their infancy, the parties have not exchanged discovery demands, defendant has not yet even provided its invalidity contentions, the Court is still months away from *Markman* briefing, and the scheduling of the *Markman* hearing will not even be discussed until August 2010. Thus, TFH's correction of its oversight in the previously submitted contentions does not cause any procedural delay to this case whatsoever.

### B. Amendment of TFH's Rule 3.1 Disclosure Will not Prejudice Defendant

TFH's amendments to its Rule 3.1 Disclosures will not prejudice defendant. TFH seeks to amend its Rule 3.1 Disclosures to include claims that were inadvertently omitted and which should come as no surprise to defendant, considering the nature of the infringement contentions already served and given that the parties have been discussing the specifics of the infringement since early 2008. *See* Burnside Decl., Exs. B & E; Complaint at ¶¶21-28. This slight revision will cause defendant no prejudice, because the amendments do not identify or allege infringement by any new apparatus or device of defendant's; do not identify a different infringing product; and do not raise new infringement theories. Thus TFH's proposed amendments stand in stark contrast to those situations where Courts have denied amendments. *See, e.g., E-Pass Techs., Inc. v. 3 Com Corp.*, 222 F. Supp. 2d 1157, 1161 (N.D. Cal 2002) (denying plaintiff's application to amend Rule 3.1 infringement contentions to include new allegedly infringing devices, not previously identified); *see also LG Elecs., supra*, 211 F.R.D. at 370-72 (denying plaintiff's motion to amend where the amendments alleged infringement by entirely new products not previously identified); *Atmel, supra*, 1998 WL 775115, at *2 (denying application to amend contentions to include the doctrine of equivalents, an entirely new theory of infringement not previously asserted).

TFH's amendment merely clarifies the contentions already asserted, of which defendant already was fully aware. For example, claims 2 and 3 are dependant claims to previously disclosed claim 1, the entirety of which defendant has long known TFH maintains is being infringed. Similarly, claims 14(c), 20(c), and 23(c), are part and parcel to previously disclosed claims 14(a) and 14(b), 20(a) and 20(b), and 23(a) and 23(b), respectively. *Id.*, Ex. A. Defendant cannot seriously contend that it believed TFH meant to allege infringement of only two-thirds of certain claims, while alleging infringement of all of others. Claims 15 through 19, 22, and 25 through 28 are dependent claims to those inadvertently omitted and their inclusion causes defendant no prejudice. *Id.* Finally, claims 29 through 32 are sufficiently similar to the other claims of the patent already identified that their inclusion does not significantly alter plaintiff's contentions or defendant's response. *Id.*

Specifically, TFH has added claims 2 and 3 in its proposed amended disclosure. *Id.*, Ex. E. Those claims read, respectively: "Claim 2, The process of claim 1, wherein the injection molded machine is a vented barrel injection molding machine" and "Claim 3, The process of claim 1, wherein the injection molding machine contains a vented mold." *Id.* Both claims 2 and 3 are dependent claims in that they refer to and further limit claim 1. *Id.* Thus, defendant's response to claims 2 and 3 should be virtually identical in nearly every respect to its arguments against infringement of claim 1. Indeed, the only additions that claims 2 and 3 bring are the further limiting terms "vented barrel injection molding machine" and "vented mold." The inclusion of these terms will not materially change defendant's responsibilities in defending this case. Further, TFH identified both of these terms on its list of proposed claim terms to be construed by the Court. *Id.*, Ex. G. As noted above, the parties are months away from *Markman* briefing and the Court will not even begin discussing the scheduling of a *Markman* hearing until August 2010. Thus, the inclusion

of these additional claim terms, of which TFH has also notified defendant in the proposed list of terms for the future *Markman* proceeding, does not alter defendant's position at this early stage in the litigation.

Further, as can be seen by TFH's proposed revisions to the Rule 3.1 Disclosure, the instrumentality of defendant's infringement remains the same with respect to all of the additional claims in comparison to those previous disclosed. *Id.*, Ex. E. Roughly speaking, and in general terms used only for purposes of this motion, the same two general instrumentalities of defendant are identified as being the infringing device in all of the claims. These two instrumentalities are, stated generally: (1) a "cascade devolatilization process"; and (2) an "injection molding machine," the details of which, TFH notes, defendant has still refused to divulge to plaintiff TFH. *Id.* TFH identified the first instrumentality as the infringing device of numerous claims in its initial Rule 3.1(c) disclosure, specifically claims 1(a), 1(b), 4, 5, 6, 7, 8, 9, 10, 11, 12, 14(a), 14(b), 20(a), 20(b), 21, 23(a), 23(b), 24, 33(a), 33(b), and 34. *Id.*, Ex. B. TFH then identified this same cascade devolatilization process as the infringing instrumentality in the following claims in the amended disclosure: claims 15 and 29. *Id.*, Ex. E. TFH identified the injection molding machine (or some variation thereof) as the infringing device in the following claims in its initial Rule 3.1(c) disclosure: claims 1(c), 13, 33(c), and 35. *Id.*, Ex. B. TFH then identified the same injection molding machine as the essential infringing device in the following claims in its amended disclosure: claims 2, 3, 14(c), 16, 17, 18, 19, 20(c), 22, 23(c), 25, 26, 27, 28, 29, 30, 31, and 32. *Id.*, Ex. E. Thus, the essential infringing device has not been changed by TFH's amendments to its Rule 3.1(c) disclosure. Defendant cannot legitimately claim surprise or prejudice by the addition of the inadvertently omitted claims, especially at this early stage of the discovery process and litigation.

The above revisions do not materially or substantively change the nature of TFH's infringement contentions. As noted above, the added disclosures are either dependent on those already asserted, or sufficiently mimic those already disclosed, that defendant's pending invalidity contentions will be essentially the same as they would be without TFH's revision of its Rule 3.1 disclosure. Likewise, the additional claims TFH seeks now to include do not add new claim terms to be construed by the Court and will not alter the content of the future *Markman* briefing or the eventual *Markman* proceedings. TFH again notes that the construing of claim terms under *Markman* is itself still many months away, and will be unaffected by TFH's amendment of the Rule 3.1 Disclosure at this time.

Thus, it cannot be said with any degree of credulity that the additional claims identified by TFH in the revised Disclosure unfairly surprise or prejudice defendant in any way.

## **CONCLUSION**

For the foregoing reasons, TFH respectfully requests that the Court grant it leave to amend its Local Patent Rule 3.1 Disclosure of Asserted Claims and Infringement Contentions.

Dated:  February 4, 2010                          GREENBERG, DAUBER, EPSTEIN & TUCKER
                                                                        A Professional Corporation
                                                                        One Gateway Center, Suite 600
                                                                        Newark, New Jersey 07102
                                                                        Tel: (973) 643-3700
                                                                        Attorneys for Plaintiff T.F.H. Publications, Inc.

                                                                        By: _____
                                                                             Russell S. Burnside