UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TFH PUBLICATIONS, INC., | : | Civil Action No. 08-4805 (FLW) |
| Plaintiff, | : | |
| v. | : | |
| DOSKOCIL MANUFACTURING COMPANY, INC., | : | MEMORANDUM OPINION AND ORDER |
| Defendant. | : | |

**ARPERT, U.S.M.J.**

**I.   INTRODUCTION**

This matter comes before the Court on a Motion by Plaintiff TFH Publications, Inc. ("Plaintiff" or "TFH") for Leave to Amend its Local Patent Rule 3.1 Infringement Contentions [dkt. entry no. 23]. Defendant Aspen Pet Products, Inc. ("Defendant" or "Aspen")[1] opposed the Motion and TFH filed a reply. The Court having reviewed the papers submitted and considered the matter pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, Plaintiff's Motion is granted.

**II.   BACKGROUND AND PROCEDURAL HISTORY**

On September 26, 2008, TFH filed suit against Aspen, asserting infringement of its U.S. Patent No. 6,159,516 ("the '516 patent") entitled "Methods of Molding Edible Starch", based upon Aspen's continued marketing and production of the Booda® Bone product line. *See generally* TFH.'s Compl.

---

[1] On March 17, 2010, this Court granted Defendant's Motion for Substitution of Party and to Amend Caption. However, for purposes of the instant Motion to Amend, the Court will refer to Defendant as Aspen as opposed to the substituted Defendant Doskocil Manufacturing Company, Inc. which now appears in the caption.

On October 22, 2009, the Court issued a Scheduling Order setting November 30, 2009 as the deadline for TFH to serve its Disclosure of Asserted Claims and Infringement Contentions pursuant to L. Pat. R. 3.1 and January 15, 2010 as the deadline for Aspen to serve its Invalidity Contentions pursuant to L. Pat. R. 3.3.  On November 30, 2009, TFH served its Disclosure of Asserted Claims and Infringement Contentions.  On January 11, 2010, the Court extended the deadline for Aspen to serve its Invalidity Contentions to February 4, 2010.  On January 20, 2010, Aspen advised TFH that it would limit its Invalidity Contentions to certain claims and elements of claims of the '516 patent because TFH did not include certain claims of the '516 patent in its Rule 3.1 Disclosures.  (Pl.'s Br. at 2-3.)  On January 27, 2010, TFH provided Aspen with a proposed Amended Disclosure and explained that the fact that elements of some claims, as well as several dependent and certain independent claims were inadvertently omitted from its November 30, 2009 Infringement Contentions.  *Id*. at 3.  Aspen objected to TFH's attempted revision of its Infringement Contentions and on February 4, 2010 served its Rule 3.3 Invalidity Contentions, based on TFH's November 30, 2009 disclosure.  As a result, on February 4, 2010 TFH filed the instant Motion to Amend its Infringement Contentions.

      A.      **TFH's Arguments in Support of the Motion to Amend**

TFH argues that it should be permitted to amend its Rule 3.1 Disclosure of Asserted Claims and Infringement Contentions because (1) the omission of certain claims from the initial Rule 3.1. Disclosure was through simple inadvertence and oversight; (2) an amendment will not create any delay since litigation is still at an early stage; and (3) the additional claims are either dependant claims based on those already disclosed or are sufficiently similar to those previously disclosed and, thus, Aspen will not be prejudiced.  *Id*. at 1 and 4.  TFH notes that it filed the

instant Motion very early in the litigation and emphasizes that the Local Patent Rule Disclosures are in their infancy, the parties have not exchanged discovery demands and the *Markman* briefing is still months away. *Id*. at 5-6.  Additionally, TFH argues that the prompt correction of its oversight will not create any procedural delay in this matter.  *Id*. at 6.  TFH asserts that the case law does not support Aspen's position that two months after service of initial contentions is an impermissible length of time to first raise the omission of some claims.  (Pl.'s Reply at 6) (citing *Gen. Atomics v. Axis-Shield ASA,* 2006 WL 2329464, at *1 (N.D. Cal. Aug. 9, 2006)).

Next, TFH argues that its amendments to its Disclosures will not prejudice Aspen "because the amendments do not identify or allege infringement by any new apparatus or device of [D]efendant's; do not identify a different infringing product; and do not raise new infringement theories."  (Pl.'s Br. at 6.)  TFH also argues that it is disingenuous for Aspen to claim unfair surprise and prejudice when Aspen has denied infringing any claim of the '516 patent and gave "the impression that it had already begun an analysis of both invalidity and infringement."  (Pl.'s Reply at 4.)  TFH further argues that its "amendment merely clarifies the contentions already asserted, of which [D]efendant was fully aware."  (Pl.'s Br. at 7.)  For instance, TFH notes that while it has added claims 2 and 3 in its proposed amended disclosure, "[b]oth claims 2 and 3 are dependent claims in that they refer to and further limit claim 1."  *Id*.  TFH also notes that the only additions that claims 2 and 3 bring are two further limiting terms that will not materially change Aspen's responsibilities in defending this case.  *Id*.  TFH further notes that it identified both further limiting terms, "vented barrel injection molding machine" and "vented mold", among its list of proposed claim terms for the Court to construe.  Therefore, the content of the parties' future *Markman* briefing will not be altered.  *Id*.  TFH also explains that

the remaining "dozen or so new terms identified by [D]efendant are plain, unambiguous and self-defining, such as 'said water content', 'cooling', and 'molded starch/water product'" and as such "[t]here can be no legitimate dispute over the definition of terms like these." (Pl.'s Reply at 5.) TFH further explains that the parties' exchange of preliminary proposed constructions of claim terms on February 19, 2010, demonstrates that "the terms identified in the '516 patent, which are substantially similar to those [D]efendant cites as being newly added by TFH's proposed amendment, are largely self-defining, and have ample support in the language of the patent and specification." *Id*.

TFH contends that "the instrumentality of [D]efendant's infringement remains the same with respect to all of the additional claims in comparison to those previous[ly] disclosed." (Pl.'s Br. at 8.) Therefore, TFH argues, because "the essential infringing device has not been changed by TFH's amendments . . . Defendant cannot legitimately claim surprise or prejudice by the addition of the inadvertently omitted claims." *Id*. Ultimately, TFH contends that the nature of its infringement contentions are not materially or substantively changed by its amendments because "the added disclosures are either dependent on those already asserted, or sufficiently mimic those already disclosed, that [D]efendant's pending invalidity contentions will be essentially the same as they would be without TFH's revision of its Rule 3.1 disclosure." *Id*. at 9.

  **B.**  **Aspen's Arguments Opposing the Motion to Amend**

Aspen opposes TFH's Motion for Leave to Amend its Local Patent Rule 3.1 Infringement Contentions arguing that TFH's delay in amending its infringement contentions is undue and that Aspen will suffer significant prejudice if TFH's proposed amendments are allowed. Aspen asserts that "[i]f a party provides deficient or changing preliminary infringement contentions, the

defendant 'is unable to crystallize its non-infringement and invalidity theories and the parties are hindered in identifying what claim terms need construction." (Aspen's Opp'n Br. at 8-9) (quoting *Connectel, LLC v. Cisco Sys., Inc.*, 391 F.Supp.2d 526, 528 (E.D.Tex. 2005)). Therefore, Aspen maintains, "Rule 3.1. is designed to avoid 'vexatious shuffling of positions that could occur if parties are permitted to freely modify their infringement contentions at any point in the action.'" *Id*. at 9 (quoting *Berger v. Rossignol Ski Co., Inc.*, 2006 WL 1095914, at *3 (N.D.Cal Apr. 25, 2006)).

    Moreover, Aspen argues that it will be prejudiced if TFH is permitted to circumvent the Local Patent Rules by making a "mid-stream change of course on its Infringement Contentions . . . because allowing TFH to modify its Infringement Contentions months after providing them, would force Aspen Pet to undertake an incredible amount of additional expensive legal work redoing its Infringement Contentions, that would have been done much more efficiently the first time." *Id*. at 9.  Specifically, Aspen notes that contrary to the position TFH takes in its Motion, it seeks to add eighteen additional asserted claims to its Infringement Contentions that increase the complexity of the case. *Id*.  Further, Aspen notes that it has already spent a considerable amount of time and money preparing its R.3.3 Invalidity Contentions in reliance upon TFH's November 30, 2009 Infringement Contentions.[2] *Id*. at 10.  In addition, Aspen points out that the schedule for claim construction will be delayed should the Court permit TFH to file its proposed Amended Disclosures that include eighteen additional claims of which at least thirteen are distinct claims. *Id*. at 10-11.

---

    [2] On January 20, 2010, Aspen notified TFH that it would be preparing its report in reliance only upon TFH's asserted claims.  Thereafter, Aspen served its Invalidity Contentions on February 4, 2010, the same day the instant Motion was filed by TFH.

Further, Aspen argues that TFH fails to offer good cause to permit its proposed Amended Infringement Contentions; thus, the Court must deny the instant Motion regardless of whether Aspen would be prejudiced (which it contends it will be). *Id*. at 11.  Aspen observes that the Federal Circuit distinguishes the standard to modify R. 3.1 contentions by holding that "unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative and designed to prevent the 'shifting sands' approach to claim construction."  *Id*. at 12 (citing *Genetech, Inc. v. Amgen, Inc.*, 289 F.3d 761, 774 (Fed.Cir. 2002)).  In this regard, Aspen argues that contrary to TFH's factually and legally baseless assertions, a "simple inadvertence and oversight" does not provide a basis for finding good cause to permit amendment to a plaintiff's infringement contentions.  *Id*. at 13.  Finally, Aspen observes that "[n]othing [has] changed since TFH first submitted its Infringement Contentions; no discovery occurred and no new theory of infringement emerged." *Id*. at 15.

**III.   DISCUSSION**

Pursuant to Local Patent Rule 3.7, leave to amend infringement contentions may be granted "by order of the Court upon a timely application and showing of good cause."  The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases."  *Computer Accelerations Corp. v. Microsoft Corp.*, 503 F.Supp.2d 819, 822 (E.D.Tex. 2007).[3]  "The rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those

---

[3] The Court notes that both the District of New Jersey and the Eastern District of Texas have adopted verbatim their Local Patent Rules from the Northern District of California.  The Court recognizes that the issues raised in the instant Motion have not been analyzed in this District and, therefore, finds it appropriate to look to cases from those districts for guidance.

theories once they have been disclosed." *Atmel Corp. v. Info. Storage Devices, Inc.*, 1998 WL 775115, at *2 (N.D. Cal. Nov. 5, 1998). Distinguishable from the liberal standard for amending the pleadings, "the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction." *Id*. However, Rule 3.7 "is not a straitjacket into which litigants are locked from the moment their contentions are served," but instead, "a modest degree of flexibility [exists], at least near the outset." *Comcast Cable Communs. Corp. v. Finisar Corp.*, 2007 WL716131, at *2 (N.D. Cal. March 2, 2007). Therefore, while the Local Patent Rules strive to have a party establish their contentions early on, it is important to recognize that "preliminary infringement contentions are still preliminary." *General Atomics v. Axis-Shield ASA*, 2006 WL 2329464, at *2 (N.D.Cal. Aug. 9, 2006)

In deciding whether TFH's proposed amendments would unfairly prejudice Aspen, the Court considers whether permitting the proposed amendments would (1) require Aspen to expend significant additional resources, or (2) significantly delay the resolution of the dispute. As to the first, the Court does not believe that Aspen will have to expend significant additional resources if TFH's Motion is granted. Indeed, the Court is aware that if TFH is permitted to amend its Infringement Contentions, then Aspen will necessarily incur additional legal expenses to revise its Invalidity Contentions. However, the Court, is not convinced that this additional expenditure of resources will be so significant as to unfairly prejudice Aspen. The Court also notes that Aspen might have avoided such additional expense if it had not waited 61 days after receipt of the Disclosures to notify TFH that certain claims and elements of claims of the '516 were not included in its Disclosures or if it had consented to permit TFH to amend its Disclosures before serving its responses.

As to the issue of delay, the Court finds that, if permitted, TFH's proposed amendments will not significantly delay the resolution of this matter, despite Aspen's contentions to the contrary.  This case is still in the relatively early stages.  Local Patent Rule disclosures are in their infancy, discovery demands have not yet exchanged, *Markman* briefing is months away and scheduling of the *Markman* hearing will not even be discussed before August 2010.  Additionally, the Court points out that while Aspen claims to have relied upon TFH's November 30, 2009 Infringement Contentions for months.  However, it was not until January 20, 2010 (nearly two months after receiving TFH's Infringement Contentions) that Aspen notified TFH that because it did not include certain claims of the '516 patent in its November 30, 2009 Rule 3.1 Disclosures Aspen would limit its Rule 3.3 Invalidity Contentions to certain claims and elements of claims of the '516 patent accordingly.  Further, the Court notes that on January 27, 2010, promptly after TFH became aware that it "inadvertently omitted" elements of some claims, as well as several dependent and certain independent claims from its Initial Disclosure, it provided Aspen with its proposed Amended Infringement Contentions to which Aspen immediately objected.

The cases cited by Aspen do not support either its position that TFH has failed to show good cause or that two months is an inordinate amount of time to give notice of one's intent to amend its infringement contentions, especially given the current stage of this case.  *See e.g. Berger v. Rossignol Ski Co., Inc.*, 2006 WL 1095914 (N.D.Cal Apr. 25, 2006) (plaintiff's preliminary infringement contentions were five weeks late and were incomplete, and plaintiff failed to inform the court of the errors in a timely fashion) ; *Atmel Corp. v. Info. Storage Device, Inc.*, 1998 WL 775115, at *1-2  (N.D.Cal. Nov. 5, 1998) (denied plaintiff's motion for leave to

amend because the amendment was requested well over one year after preliminary infringement contentions were served, after "an exceptionally protracted and contentious period of discovery" had already completed , and the amendment sought to add an entirely new theory of infringement); *LG Electronics, Inc. v. Q-Lity Computer, Inc.*, 211 F.R.D. 360, 370-72 (N.D.Cal.2002)(denied an application to amend Rule 3.1. infringement contentions where plaintiff sought to identify numerous of defendants' allegedly infringing products for the first time, the claim construction order had already issued and discovery was nearly complete).

Moreover, while TFH's proposed amendments will require Aspen to spend additional time re-doing its Invalidity Contentions, the Court has not been persuaded that this will necessitate significant additional time such that the resolution of this matter would be unduly prolonged, nor does the Court believe that Aspen will be unfairly prejudiced by it.  The Court finds that TFH has demonstrated that it was sufficiently diligent in seeking to amend its preliminary contentions and concludes that allowing the proposed amendments at this point in the litigation will not cause any significant delay or prejudice to Aspen.

### IV.    CONCLUSION AND ORDER

The Court having considered the papers submitted and for the reasons set forth above,

**IT IS** on this 5th day of April, 2010

**ORDERED** that Plaintiff's Motion to Amend its Local Patent Rule 3.1 Infringement Contentions [dkt. entry no. 23] is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall have until **April 12, 2010** to serve its Amended Infringement Contentions; and it is further

**ORDERED** that Defendant shall have until **May 12, 2010** to serve its Amended Invalidity Contentions.

                                                   s/ *Douglas E. Arpert*
                                                   **DOUGLAS E. ARPERT**
                                                   **UNITED STATES MAGISTRATE JUDGE**