*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| T.F.H. PUBLICATIONS, INC., | : | |
| | : | |
| Plaintiff, | : | OPINION |
| | : | Civil Action No. 08-cv-04805 (FLW)(DEA) |
| v. | : | |
| | : | |
| DOSKOCIL MANUFACTURING COMPANY, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**WOLFSON, United States District Judge**:

Presently before the Court is a Motion for Attorney Fees by Defendant Doskocil Manufacturing Company Inc. ("Doskocil"), arising out of a patent infringement action filed by Plaintiff T.F.H Publications Inc. ("T.F.H."). On October 10, 2012, this Court issued a Final Judgment of Non-Infringement and Dismissal in favor of Doskocil. Doskocil now seeks an Order for an award of attorney fees on the grounds that this is an "exceptional case" under the Patent Act, 35 U.S.C. § 285, which T.F.H. opposes.[1]. For the following reasons, the Court DENIES Doskocil's motion.

I.    BACKGROUND

The Court detailed the facts of this case in its Opinions on April 6, 2010 and March 5, 2012. Thus, the Court will only briefly recite the facts necessary to deciding the instant motion. This case arises out of T.F.H.'s claim that Doskocil's manufacture of its "Booda Bone" product line infringed on U.S. Patent No. 6,159,516 ("the '516 patent") held by T.F.H. The '516 patent claims, in relevant part, a manufacturing process for molding starch and water into a pet chew

---

[1] This court has jurisdiction pursuant to 28 U.S.C. § 1331.

toy. The central dispute of the case turned on the claim language "vented barrel extruder." T.F.H. alleged that Doskocil's manufacturing process used a vented barrel extruder that came within the claims of the '516 patent. In response, Doskocil claimed its process did not use venting and thus did not fall within the claims of the '516 patent.

Following a period of discovery, both parties filed motions for summary judgment. After holding a hearing, the Court summarily denied these motions because disputed issues of material fact existed, as well as issues of claim construction. See Dkt. No. 66 (Order dated Nov. 23, 2010). The Court then ordered the parties to mediation, which proved unsuccessful. Thereafter, the Court held a Markman hearing on January 9, 2012, primarily to construct the term "vented barrel extruder." At the hearing, T.F.H. argued the claim language describes an extruder that allows for venting, but that this does not necessarily require that the extruder have an additional vent or opening along the barrel other than the entry or exit pathways of the extruder. In contrast, Doskocil argued that a vented barrel extruder requires an extruder with a barrel that contains a vent or vents in addition to the entry and exit points. The Court interpreted the term in favor Doskocil, noting that:

> It is axiomatic that an extruder, a device into which things are fed and from which things are extruded, has an entry and an exit. Thus, a definition of "vented barrel extruder" that does not require an opening or vent along the barrel, in addition to the exit or entry, would permit any extruder to become a "vented barrel extruder" — a construction that is contrary to the express language of the '516 patent and the other intrinsic evidence.

T.F.H. Publs. v. Doskocil Mfg. Co., No. 08-4805 FLW, 2012 U.S. Dist. LEXIS 28677, at 11 (D.N.J. Mar. 5, 2012) (the "Markman Opinion"). Following the Court's decision in the Markman Opinion, T.F.H. stipulated to non-infringement, and the Court dismissed the case in favor of Doskocil on October 2, 2012. Doskocil subsequently filed the instant motion for attorney fees,

and soon after, T.F.H. appealed the Markman Opinion to the Federal Circuit. See T.F.H. Publs. v. Doskocil Mfg. Co., No. 13-1030, appeal docketed Oct. 24, 2012.

## II.     Standard for Award of Attorney Fees

Generally, each party to a dispute pays its own attorney fees, regardless of the outcome on the merits. One exception to this general rule in patent cases is 35 U.S.C. § 285, which provides that, "the Court in exceptional cases may award reasonable attorney fees to the prevailing party." Id. Section 285 serves two purposes: (1) to compensate the prevailing party for its expense in prosecuting or defending the suit; and (2) to deter clearly unwarranted infringement suits. Automated Business Cos. v. NEC America, Inc., 202 F.3d 1353, 1355 (Fed. Cir. 2000). Thus, § 285 only provides an award of attorney fees in limited circumstances, and it is not intended to be an "ordinary thing in patent suits." Forest Labs., Inc. v. Abbott Labs., 339 F.3d 1324, 1329 (Fed. Cir. 2003) (citation omitted).

When considering a motion for an award of attorney fees under 35 U.S.C. § 285, a court undertakes a two-step inquiry: it must determine whether there is clear and convincing evidence that the case is "exceptional," and, if so, whether an award of attorney fees to the prevailing party is warranted. MarcTec, LLC v. Johnson & Johnson, 664 F.3d 907, 915-916 (Fed. Cir. 2012). Each of these prongs is explained in further detail below.

No "bright line" separates an exceptional case from an unexceptional one.  Rather, a case may be considered exceptional where there has been "misconduct during litigation, vexatious or unjustified litigation, conduct that violates Federal Rule of Civil Procedure 11, or like infractions." Id. at 916[2] (citation omitted). Where, as here, the alleged infringer prevailed in the underlying action, factors relevant to determining whether a case is exceptional include "the

---

[2]     Additionally, although not relevant to this case, a case may be considered exceptional where there has been "willful infringement, fraud or inequitable conduct in procuring the patent . . . ." MarcTec, LLC, 664 F.3d at 916.

3

closeness of the question, pre-filing investigation and discussions with the defendant, and litigation behavior." Id. (citation omitted).

Apart from litigation misconduct, a district court can award attorney fees under § 285 only if the litigation is both: (1) brought in subjective bad faith; and (2) objectively baseless. Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc., 393 F.3d 1378, 1381 (Fed. Cir. 2005). Subjective bad faith must be demonstrated by clear and convincing evidence showing that the lack of objective foundation "was either known or so obvious that it should have been known by the party asserting the claim." Highmark, Inc. v. Allcare Health Mgmt. Sys., 687 F.3d 1300, 1309 (Fed. Cir. 2012) (citation omitted). A finding that the litigation was objectively baseless requires that "the infringement allegations [were] such that no reasonable litigant could reasonably [have] expect[ed] success on the merits." Id. (citation omitted).

If a party meets its high burden of proving an exceptional case by clear and convincing evidence, a court must still exercise its discretion to determine whether an award of attorneys' fees is appropriate and, if so, the amount of the award. Forest Labs., Inc., 339 F.3d at 1328. "[T]he amount of the attorney fees [awarded] depends on the extent to which the case is exceptional." Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1344 (Fed. Cir. 2001). In making this determination, a court may "weigh intangible as well as tangible factors: the degree of culpability of the infringer, the closeness of the question, litigation behavior, and any other factors whereby fee shifting may serve as an instrument of justice." Serio-US Indus., Inc. v. Plastic Recovery Techs. Corp., 459 F.3d 1311, 1322.

### III.   Discussion

Doskocil argues that the present case is exceptional and justifies an award of attorney fees for two reasons: first, that T.F.H. engaged in litigation misconduct, and second, that T.F.H.

4

filed an objectively baseless claim in bad faith. Regarding litigation misconduct, Doskocil claims that T.F.H. violated Fed. R. Civ. P. 11[3], unnecessarily prolonged the suit in the face of undisputed evidence, frivolously changed its theory of infringement, and relied on baseless expert testimony. In response, T.F.H. claims that its pre-filing investigation satisfied Rule 11 and that it did not unnecessarily prolong litigation or frivolously change its theory. Moreover, T.F.H. argues that the qualifications of its expert and the reasonableness of his testimony foreclose characterizing his opinion as baseless. In terms of objective baselessness and subjective bad faith, Doskocil argues this is an exceptional case because T.F.H. ignored the claim specification and prosecution history in its claim construction, and that T.F.H. knew its claim construction was baseless but pursued the litigation anyway. Conversely, T.F.H. claims that it presented reasonable arguments in light of the '516 patent, and that T.F.H. did not otherwise act in bad faith. I address Doskocil's argument regarding objective baselessness and bad faith first.

### A. Objective Baselessness and Subjective Bad Faith.

In order to assess Doskocil's argument that T.F.H. filed an objectively baseless claim, the Court takes a backwards-looking inquiry into the reasonableness of the claim in light of the full record. Highmark, Inc., 687 F.3d at 1310. The central question is whether T.F.H.'s infringement allegations were such that no reasonable litigant could have reasonably expected success on the merits. Id. at 1309. In that connection, the Federal Circuit has held that, "absent misrepresentation to the court, a party is entitled to rely on a court's denial of summary judgment . . . as an indication that the party's claims were objectively reasonable and suitable for

---

[3] Fed. R. Civ. P. 11(b) requires all claims to be filed in good faith. To meet the Rule 11 standard, an attorney must conduct a reasonable inquiry into the merits of the case and certify that: (1) the case is not being brought for an improper purpose (e.g., harassment, undue delay, increasing litigation cost, etc.); (2) the remedy sought is grounded in existing law; (3) there is evidence to support the case, or there is reason to believe such evidence exists; and (4) any denials of fact are supported by evidence or a reasonable belief that the facts do not exist.

resolution at trial." Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme, 603 F.3d 943, 954 (Fed. Cir. 2010); see also ResQNet.com, Inc. v. Lansa, Inc., 594 F.3d 860, 875 (Fed. Cir. 2010) ("[T]he district court's denial of summary judgment of noninfringement reflects the belief that it was reasonable for ResQNet to have retained that patent for suit."); Forest Labs., Inc., 339 F.3d at 1330 (district court's denial of JMOL at the close of the evidence and the jury's favorable verdict "suggest that [the patentee's] position was not baseless").

Doskocil's argument that T.F.H. pursued objectively baseless claims is undermined by the Court's denial of Doskocil's motion for summary judgment. See Medtronic Navigation, Inc., 603 F.3d at 954. Although the Court did not extensively analyze the parties' summary judgment motions, the Court nevertheless reasoned, on the then existing record, that disputed issues of fact existed as to both parties' motions, and that a Markman hearing was required precisely because the definition and scope of "vented barrel extruder" were not plainly obvious and required analysis. Indeed, in connection with the Markman hearing, the parties submitted competing expert opinions regarding whether Doskocil's accused process was a traditional or vented barrel extruder. Compare Dkt. No. 68, at 21-22 (Doskocil Markman Brief) with Dkt. No. 69, at 11-15 (T.F.H. Markman Brief). Thus, given the history of this case, it is highly unlikely that Doskocil can meet its burden of showing that T.F.H.'s infringement claims were objectively baseless.[4] See Beckman Instruments, Inc. v. LKB Produkter AB, 892 F.2d 1547, 1551 (Fed. Cir. 1989) ("[W]e find it difficult to agree [with the district court's conclusion] that the inequitable conduct defense was 'baseless' when it survived a motion for summary judgment and was rejected only after findings were made on disputed facts . . . .").

Doskocil nevertheless argues that MarcTec supports a determination of objective

---

[4] In that connection, I note that Doskocil did not file a motion to dismiss T.F.H.'s infringement claim in lieu of an answer; apparently Doskocil did not believe that T.F.H.'s claim was so baseless at the time it was filed that it could be dismissed prior to discovery.

baselessness on the grounds that T.F.H. plainly ignored a required element of a claim in its infringement argument. Doskocil's reliance on MarcTec is misplaced. In MarcTec, like the present case, the principal dispute focused on the proper construction of a claim term. MarcTec, 664 F.3d at 911 (construing the claim term "heat bonding"). However, in its claim construction briefing and at the Markman hearing, MarcTec represented to the district court that construction of the disputed claim terms was unnecessary because each term had a plain and ordinary meaning. Id. at 912. The district court rejected MarcTec's argument, finding that, under controlling case law, "the specification is the single best guide to the meaning of a disputed term." Id. (Internal quotation marks omitted.)

In affirming the district court's award of attorney fees against MarcTec under § 285, the Federal Circuit relied on the district court's finding that MarcTec's plain and ordinary meaning argument in fact ignored the actual language in the specification and statements made during prosecution, and that the plain language of the claim directly contradicted the arguments MarcTec advanced. Id. at 920. Accordingly, the Federal Circuit held that MarcTec's proposed construction was "so lacking in any evidentiary support that assertion of this construction was unreasonable." Id. at 919.[5]

MarcTec is inapposite to T.F.H.'s claims and argument in the present case. The plaintiff in MarcTec ignored a required element of the claim in its arguments, in spite of the district court's claim construction following a Markman hearing and uncontroverted evidence that the accused process did not use the type of bonding required by the claim. By contrast, T.F.H.'s

---

[5] Moreover, in connection with the district court's finding that MarcTec had engaged in litigation misconduct, the Federal Circuit affirmed the district court's findings that even after MarcTec had evidence that the accused process did not use the specific kind of bonding required for the claim, MarcTec continued to pursue its case by relying on mischaracterizations of the construction adopted by the court and using faulty expert testimony to make its arguments seem more reliable. MarcTec, 664 F.3d at 920-21. As discussed infra in this Opinion, this type of litigation misconduct is simply not present in this case.

action was grounded in the language of the '516 patent. Once the Court construed, following a Markman hearing, the relevant claim language in favor of Doskocil, T.F.H. dropped its infringement claim and stipulated to dismissal. In that connection, even though this Court found T.F.H.'s proposed construction of "vented barrel extruder" to be overly broad, this alone is insufficient to find by clear and convincing evidence that T.F.H. pursued an objectively baseless claim.[6] See iLOR, LLC v. Google, Inc., 631 F.3d 1372, 1379 (Fed. Cir. 2011) ("even when presented with 'simple' claim terms, courts may differ in their interpretation of those terms"); 800 Adept, Inc. v. Murex Securities, Ltd., 539 F.3d 1354, 1371 (Fed. Cir. 2008) (citation omitted) (cautioning that courts must "resist the understandable temptation to engage in post hoc

---

[6] Although the Federal Circuit has held that an analysis of subjective bad faith is unnecessary if objective baselessness cannot be shown, See iLOR, 631 F.3d at 1377, this Court briefly addresses Doskocil's arguments in this regard. A claim is brought in subjective bad faith if the objective unreasonableness of the claim "was either known or so obvious that it should have been known by the party asserting the claim." Highmark, Inc., 687 F.3d at 1309 (citation omitted). When considering subjective bad faith, the Federal Circuit has held there is a "presumption that the assertion of infringement of a duly granted patent is made in good faith." Brooks Furniture, 393 F.3d at 1382 (citation omitted). Moreover, "a patentee may have reason to believe that its allegations are supportable so as to negate a finding of bad faith." Highmark, Inc., 687 F.3d at 1313. Thus, for example, an adequate pre-filing investigation may negate a claim of bad faith. Id. at n.4.

Doskocil argues, again relying on MarcTec, that T.F.H.'s bad faith is established by its failure to acknowledge the claim specification, prosecution history, and the intrinsic record, as well as its reliance on a baseless expert opinion. Doskocil further claims that these alleged missteps demonstrate T.F.H. knew it was pursuing an objectively baseless claim. However, the bad faith found by the MarcTec Court differs significantly from the present case. Even after MarcTec had evidence establishing that heat-bonding, which was required for the claim, was not used in the accused process, MarcTec pursued its suit by relying on mischaracterizations of the Court's claim construction and unreliable, irrelevant expert testimony. MarcTec, 664 F.3d at 917. T.F.H. has done nothing close to this sort of egregious conduct. As discussed infra, Dr. Malloy's opinion was not baseless; therefore, T.F.H.'s reliance on his opinion cannot constitute bad faith. Regarding T.F.H.'s analysis of the intrinsic record, this Court's disagreement with T.F.H.'s position is alone insufficient to show bad faith. See Brooks Furniture, 393 F.3d at 1384 (finding that bad faith is not established when a court "reached a different conclusion on the merits of infringement"). T.F.H. also conducted a good faith preliminary investigation. This is precisely the sort of evidence that negates a finding of bad faith. See Highmark, Inc., 687 F.3d at 1309. In light of these considerations, Doskocil has not met its high burden of showing by clear and convincing evidence that T.F.H. acted in bad faith.

reasoning by concluding" that an ultimately unsuccessful "action must have been unreasonable or without foundation"). For these reasons, I conclude that Doskocil has failed to carry its burden of demonstrating that T.F.H. acted in bad faith by filing an objectively baseless claim.

### B. Litigation Misconduct.

Doskocil also claims T.F.H. engaged in litigation misconduct. Specifically, Doskocil argues that T.F.H. "was presented with a plain and simple statement: Doskocil does not use a vented barrel extruder," and that T.F.H. failed to conduct any further investigation before filing suit, thus, violating Rule 11. See Def. Br., 12-13. In that connection, the Federal Circuit has held "Rule 11(b) requires an attorney to conduct a reasonable inquiry into the law and facts before filing a pleading in a court and to certify that the claims contained therein are not frivolous," and "in the context of patent infringement actions . . . Rule 11 . . . require[s], at a minimum, that an attorney interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement." Q-Pharma, Inc. v. Andrew Jergens Co., 360 F.3d 1295, 1300-1301 (Fed. Cir. 2004). Significantly, all that is required is a "good faith, informed comparison of the claims of a patent against the accused subject matter." Id. at 1301-02.

The record here shows that T.F.H. made an effort to investigate the accused process when it asked Doskocil about, inter alia, the type of extruder being utilized, the water content discharged from the process, and the percentage of water to starch prior to extrusion. See, e.g., Ex. G at 2. Moreover, although Doskocil rejected T.F.H.'s accusation of infringement, it appears that Doskocil provided only a limited response to T.F.H.'s claims, and, in any event, T.F.H. was under no obligation to take its competitor wholly at its word regarding the accused process. Thus, despite Doskocil's contentions, it is evident that T.F.H. analyzed the product in question, compared its findings with the '516 patent, and engaged in discussions with Doskocil concerning

9

the specifics of the accused process. See Ex. F,G,H. Although T.F.H. may not have conducted a rigorous pre-filing investigation, it certainly was not an insufficient one. Absent any evidence of bad faith, which Doskocil has not shown, I conclude that T.F.H. made a good faith, informed comparison of the claims against the accused process, thus, satisfying the minimum requirements of Rule 11. See Q-Pharma, Inc., 360 F.3d at 1300-1301.

Next, Doskocil claims that T.F.H. unnecessarily prolonged the suit in the face of undisputed evidence requiring dismissal. In particular, Doskocil asserts that T.F.H.'s expert, Dr. Malloy, inspected the facility and concluded that the accused process did not use a "traditional vented barrel extruder." Def. Br., 14. In light of this statement, Doskocil argues that T.F.H. should have dropped its suit. But Doskocil misinterprets this aspect of Dr. Malloy's opinion. The meaning of the term "vented barrel extruder" was the central dispute of the case. Indeed, Doskocil overlooks Dr. Malloy's explicit statement in his declaration that he believed the accused process came within the meaning of the '516 patent's term "vented barrel extruder." Malloy Decl., 3. Thus, notwithstanding Doskocil's contentions, Dr. Malloy's testimony was not "undisputed evidence requiring dismissal," and T.F.H. did not behave unreasonably by relying on the opinion of its expert in pursuing its claim. Accordingly, this aspect of Doskocil's litigation misconduct argument fails.

Doskocil relatedly contends that T.F.H. also engaged in litigation misconduct by advancing and relying upon an expert opinion that was not supported by either the intrinsic or extrinsic evidence. See Def. Br., 17. To support its arguments, Doskocil argues that MarcTec stands for the principle that an exceptional case finding is warranted when a party offers unsupported opinions to bolster its case. See MarcTec, 664 F.3d at 907 (affirming exceptional case determination where unreliable, unscientific evidence offered by expert). In this respect,

10

Doskocil claims Dr. Malloy's opinion was "cut from whole cloth" and unreliable. Def. Rep. Br., 12. To the extent Doskocil is challenging Dr. Malloy's qualifications, that argument is not properly before the Court in this motion for attorney fees. T.F.H. qualified Dr. Malloy as an expert for the purposes of the Markman hearing, to which Doskocil raised no objections. Although this Court ultimately disagreed with Dr. Malloy's conclusions, at no point did I reject his opinion because it was unreliable or without foundation. Accordingly, Doskocil's reliance on MarcTec is misplaced. In MarcTec, the plaintiff's misconduct in stemmed, in part, from relying on a purported expert who the trial judge ultimately determined failed to meet the Daubert standard. MarcTec, 644 F.3d at 920. Specifically, the MarcTec court found the expert's theory to be untested, untestable, and irrelevant to the issues of whether the accused process infringed on the patent in question. Id. at 915, 920. None of these infirmities is present in the instant case, and thus I conclude that MarcTec does not support a finding of litigation misconduct based on T.F.H.'s reliance on Dr. Malloy's testimony and opinions.

Lastly, Doskocil argues that T.F.H. engaged in litigation misconduct by frivolously changing its theory of infringement as the case progressed. The Federal Circuit generally has found litigation misconduct by a party changing its position only when the claims are meritless or they are part of some larger strategy of vexatious litigation. See, e.g., Takeda Chem. Indus. v. Mylan Labs., 549 F.3d 1381, 1389 (Fed. Cir. 2008) ("We do not find persuasive Mylan's argument [on appeal] that the district court took issue with the mere fact that Mylan changed its theory of invalidity and then lost. Rather, the Court determined that Mylan's initial certification letter was completely baseless and that the claims Mylan offered as substitutes were similarly frivolous."); Beckman Instrs., Inc. v. LKB Produkter AB, 892 F.2d 1547, 1551-52 (Fed. Cir. 1989) (finding a vexatious litigation strategy where (1) the party dropped two claims during the

11

litigation; (2) there was evidence that other claims were meritless; and (3) the party repeatedly violated an injunction prohibiting infringement). Doskocil argues here that T.F.H. frivolously changed its litigation theory when it changed its claim from one based on the doctrine of equivalents to one based on direct infringement. Doskocil also relies on the fact that the two parties previously have been adversaries. Notably, Doskocil presents no authority that T.F.H. engaged in litigation misconduct by simply changing theories of infringement, particularly in light of new evidence. Cf. Beckman Instrs., Inc., 892 F.2d at 1551 ("[T]he mere fact that an issue was pleaded and then dropped prior to trial does not in itself establish vexatious litigation."). Moreover, given this Court's conclusion in this Opinion that T.F.H. did not pursue objectively baseless claims at any point during this litigation, there is no basis for finding that T.F.H. frivolously changed its theory of infringement. I therefore conclude that Doskocil has failed to demonstrate litigation misconduct by T.F.H. in this regard as well.

In sum, Doskocil's arguments that T.FH. engaged in various forms of litigation misconduct and unsupported by the record. Accordingly, Doskocil has failed to carry its burden of showing that this is an exceptional case under § 285 based on T.F.H.'s litigation behavior.

## IV.    Conclusion

For the reasons set forth above, the Court finds that Doskocil has not demonstrated that T.F.H.'s claims were objectively baseless or that that T.F.H. engaged in litigation misconduct. Thus, the Court concludes that this is not an exceptional case under § 285 that merits an award of attorney fees. Accordingly, the Court DENIES Doskocil's motion for an award of attorney fees in its entirety.

Dated: March 15, 2013                                                  /s/ Freda L. Wolfson
                                                              Freda L. Wolfson, U.S.D.J.